**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1408008905 |
| | ) | Cr. A. Nos. IN14-08-1346, etc. |
| LATEEF A. DICKERSON, | ) | |
| **Defendant.** | ) | |

Submitted: March 31, 2021
Decided:  June 4, 2021

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 4th day of June, 2021, upon consideration of the Defendant Lateef A. Dickerson's Application for "Modification, Deferral, Suspension or Reduction of Sentence for Serious Physical Illness of Infirmity" and its supplements (D.I. 92, 95-96),[1] the State's responses (D.I. 94 and 98), and the record in this matter, it appears to the Court that:

    (1)    In December 2014, a Grand Jury indicted Mr. Dickerson on five felonies: two counts of Possession of a Firearm by a Person Prohibited, two

---

[1]  Mr. Dickerson styles his application a "Modification, Deferral, Suspension or Reduction of Sentence for Serious Physical Illness, Injury or Infirmity." D.I. 92.  Therein, he cites various constitutional provisions, state statutes, and cases. *Id*.  But, at bottom, he appears to recognize that this motion is governed by Superior Court Criminal Rule 35(b). *See* Def. Repl., at 3 (D.I. 95) (citing Rule 35 and its "extraordinary circumstance" exception); *see also* Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *and Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

counts of Receiving a Stolen Firearm, and one count of Conspiracy Second Degree.[2]

(2)   He eventually pleaded guilty to three counts: Possession of a Firearm by a Person Prohibited ("PFBPP"), Receiving a Stolen Firearm, and Conspiracy Second Degree.[3]  The plea was a consolidated resolution of these charges and Mr. Dickerson's other matters.[4]

(3)   The State sought to have Mr. Dickerson declared a habitual offender under then-extant 11 *Del. C.* § 4214(a).[5]  The Court found beyond a reasonable doubt that he previously had been convicted of: Reckless Endangering First Degree, Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance, and Resisting Arrest.[6]

---

[2]   *See* Indictment, *State v. Dickerson*, I.D. No. 1408008905, (Del. Super. Ct. Dec. 8, 2014) (D.I. 3).

[3]   Plea Agreement, *State v. Dickerson*, I.D. No. 1408008905, (Del. Super. Ct. April 5, 2016) (D.I.53); *see also*, DEL. CODE ANN. tit. 11, § 1448 (2013); *id.* at § 1450; *id.* at § 512.

[4]   *See* Plea Agreement, *State v. Dickerson*, I.D. No. 1408008905, (Del. Super. Ct. April 5, 2016) (D.I.53) (noting plea resolved *State v. Dickerson*, I.D. No. 1509012732, *State v. Dickerson*, I.D. No. 1509012715, and *State v. Dickerson*, I.D. No. 1511009715).

[5]   Mot. To Declare Def. a Habitual Offender, *State v. Dickerson*, I.D. No. 1408008905, (Del. Super. Ct. May 2, 2016) (D.I.58).

[6]   *Id.*; *see also* DEL. CODE ANN. tit. 11, § 4201(c) (2014) (designating Reckless Endangering First Degree, Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance, and Resisting Arrest with Force or Violence as violent felonies).

(4)     Accordingly, after a pre-sentence investigative report was prepared this Court granted the State's habitual criminal petition and sentenced Mr. Dickerson on May 3, 2016.[7]  He was sentenced to serve: for PFBPP (N14-08-1346 – a class C violent felony)—15 years at Level V suspended after ten years for two years Level III; for Receiving a Stolen Firearm (N14-08-1348 – a class F nonviolent felony)—Mr. Dickerson qualified as an habitual offender but received no separate term of imprisonment for this offense; for Conspiracy Second Degree (N14-08-1350 – a class F nonviolent felony)—two years Level V suspended immediately for one year Level III.[8]  The sentence has an effective date of May 3, 2016, and Mr. Dickerson received credit for time previously served totaling nine months and seven days.[9]  With Mr. Dickerson's previous convictions for more than two violent felonies, the ten-year term of imprisonment for PFBPP is the minimum term of incarceration that must be imposed and cannot be suspended or reduced.[10]

---

[7]  Order Granting State's Mot. To Declare Def. a Habitual Offender, *State v. Dickerson*, I.D. No. 1408008905, (Del. Super. Ct. May 3, 2016) (D.I.59).

[8]  Sentence Order, *State v. Dickerson*, I.D. No. 1408008905, (Del. Super. Ct. May 3, 2016) (D.I.60).

[9]  *Id.*

[10]  DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2014) (providing that any person convicted of PFBPP "shall receive a minimum sentence of [t]en years at Level V, if the person has

(5)     Shortly after his sentencing, Mr. Dickerson filed a motion under Superior Court Criminal Rule 35(b) requesting reduction of the unsuspended ten-year Level V term for his PFBPP charge.[11]  In sum, he asked that his ten-year Level V term be reduced to five years Level V with a condition that he complete the Key program.[12]  Mr. Dickerson claimed then that his suggested reduction was appropriate because his:  (1) lack of treatment contributed to anti-social behaviors; (2) lack of employment due to incarceration led to unpaid bills and loss of family home; (3) depression due to incarceration; and (4) loss of social network due to imprisonment.[13] The Court considered that application on its merits and denied it.[14]

(6)     Mr. Dickerson has now filed a second Rule 35(b) motion.[15]  He

---

been convicted on 2 or more separate occasions of any violent felony.").  Mr. Dickerson had previously been convicted of at least three violent felonies.  *See* n.5-6, *supra*.

[11]   Def. 1st Rule 35(b) Mot. (D.I. 61).

[12]   *Id.* "'Key' refers to the Key Therapeutic Community, a six to eighteen month drug treatment program established by the Delaware Department of Correction."  *State v. Lennon*, 2003 WL 1342983, at *1 (Del. Mar. 11, 2003).

[13]   Def. 1st Rule 35(b) Mot., at 3.

[14]   D.I. 62.

[15]   Def. 2nd Rule 35(b) Mot. and Supps. (D.I. 92, 95-96).  In his first filing, Mr. Dickerson seeks to invoke the Court's "inherent authority" over its sentencing judgments.  Def. 2nd Rule 35(b) Mot., at 6 (D.I. 92).   "The   Court's inherent authority over its sentencing judgments,  however,  'is  not  a  ready  path  for  circumnavigating this Court's procedural rules governing sentence reduction.'"  *State v. Tollis*, 126 A.3d 1117, 1122-23 (Del. Super. Ct. 2016) (quoting *State v. Remedio*, 108 A.3d 326, 330-31 (Del. Super. Ct. 2014)).  And none of conditions which might allow the Court its rare

-4-

essentially requests the Court to reduce his Level V term to time-served[16] and argues the Court should grant this Level V reduction now due to "extraordinary circumstances" brought on by the COVID-19 pandemic.[17]

(7) He insists that such reduction is appropriate because, in his view: (a) his continued incarceration during the current pandemic amounts to cruel and unusual punishment violative of the Eighth Amendment;[18] (b) he has served most of his sentence and no longer poses a threat to public safety;[19] and (c) his completion of various numerous programs while incarcerated evidences his complete rehabilitation.[20]

(8) First, as to Mr. Dickerson's cruel and unusual punishment argument, it is clear he cites—as have so many other inmates—Eighth Amendment cases that involved civil litigation, not modification of a defendant's criminal sentence. As such, his Eighth Amendment claim simply

---

exercise of its inherent authority to modify a sentencing judgment are present here. *See Remedio*, 108 A.3d 326, 330-31 (explaining that "the circumstances under which this [inherent] authority is exercised are rare, and the requirements for such must be adhered to strictly" then describing those exacting requirements).

[16] Def. Supp., at 2 (D.I. 96).

[17] Def. 2nd Rule 35(b) Mot.; Def. Repl. (D.I. 95); Def. Supp.

[18] Def. 2nd Rule 35(b) Mot., at 5-6; Def. Supp., at 1.

[19] Def. 2nd Rule 35(b) Mot., at 7.

[20] *Id.*; Def. Supp., at 1, Ex. 1-7.

does not support the relief Mr. Dickerson seeks.[21] So, the Court must consider Mr. Dickerson's request under Criminal Rule 35(b) rather than under the Eighth Amendment.[22]

(9) The Court may consider a Rule 35(b) motion "without presentation, hearing or argument."[23] The Court will decide his motion on the papers filed and the complete record in Mr. Dickerson's case.

(10) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[24]

(11) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[25] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must

---

[21] *Woods v. State*, 2021 WL 304007, at *1 (Del. Jan. 28, 2021); *White v. State*, 2021 WL 1828069, at *1 (Del. May 6, 2021).

[22] *Woods*, 2021 WL 304007, at *1

[23] Super. Ct. Crim. R. 35(b).

[24] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[25] *Redden,* 111 A.3d at 607 (internal citations omitted).

demonstrate "extraordinary circumstances."[26]  A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[27]

(12)   The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[28]   "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[29]   In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual

---

[26]   *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[27]   *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[28]   *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[29]   *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

circumstances that presents an urgent need for revision of the sentence's terms."[30]

(13) Mr. Dickerson filed this motion more than four and a half years after he was sentenced. To the extent he is arguing that his underlying medical conditions and exposure to COVID-19 constitute "extraordinary circumstances" under Rule 35(b), they do not."[31] Rather, as this Court and the Delaware Supreme Court have instructed others who have raised COVID-19 concerns: "[S]hould Mr. [Dickerson]'s specific individual medical circumstance warrant sentence reduction, then the proper vehicle to deliver such relief is an application by the Department of Correction under 11 *Del. C.* § 4217."[32]

(14) As to Mr. Dickerson offer of his rehabilitative efforts as a means of gaining sentence review now, it is well-established such efforts don't

---

[30] *Id.*

[31] *State v. Jones*, 2020 WL 4483673, at *2 (Del. Super. Ct. Aug. 4, 2020) (citing *State v. Lindsey*, 2020 WL 4038015, at *2 (Del. Super. Ct. July 17, 2020) (collecting cases)).

[32] *Lindsey*, 2020 WL 4038015, at *3; *Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) ("As to COVID-19, an application by DOC under §4217 is the proper vehicle for relief should Jones's personal health warrant sentence modification."); *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020) (same); *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (same).

constitute "extraordinary circumstances" under Rule 35(b).[33]

(15) But Mr. Dickerson's failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for reduction of his Level V term.

(16) Also found in Rule 35(b) is a separate and unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[34] Mr. Dickerson previously filed an unsuccessful application to reduce his prison term.[35] And a motion is "repetitive" under Rule 35(b) whenever it is preceded by an earlier Rule 35(b) motion, "even if the subsequent motion raises new arguments."[36]

(17) As our Supreme Court and this Court have consistently held, Rule 35(b) strictly prohibits consideration of repetitive requests for sentence reduction.[37] The 90-day jurisdictional limit may have its "extraordinary circumstances" exception, but the bar to repetitive motions has none.[38] No,

---

[33] *State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016) (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden,* 111 A.3d at 607-08.

[34] Super. Ct. Crim. R. 35(b) (emphasis added).

[35] D.I. 61 and 62.

[36] *Culp*, 152 A.3d at 144.

[37] *Culp*, 152 A.3d at 145 (Del. 2016); *Redden,* 111 A.3d at 608–09.

[38] *Culp*, 152 A.3d at 144; *Redden,* 111 A.3d at 608–09.

this bar is absolute, flatly "prohibits repetitive requests for reduction of sentence," and has been understood and applied without fail for decades.[39] So the Court would have to deny Mr. Dickerson's Rule 35(b) motion on this basis alone.[40]

(18) Finally, even were neither the time nor repetition bars applicable here, the Court still has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[41] There is no special COVID-19 early release rule that overcomes that prohibition either.[42]

(19) Mr. Dickerson has requested a Level V reduction that would violate the ten-year minimum required by 11 *Del. C.* § 1448(e)(1)(c). And that the Court cannot do—even in the midst of a pandemic.[43]

---

[39] *See Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (As court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction.); *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("[M]otion was repetitive, which also precluded its consideration by the Superior Court."); *Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.").

[40] *Culp*, 152 A.3d at 145; *Redden,* 111 A.3d at 608–09.

[41] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[42] *Lindsey*, 2020 WL 4038015, at *3.

[43] *See Kelley v. State*, 2019 WL 6048093, at *2 (Del. Nov. 14, 2019) ("To the extent [the inmate] seeks reduction of his PFBPP sentence under Rule 35(b), the Superior Court cannot

(20)　**NOW, THEREFORE, IT IS ORDERED** that Mr. Dickerson's motion for reduction of the Level V term of his sentence must be **DENIED** because it is time-barred, repetitive, and seeks relief that is statutorily prohibited.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Paul R. Wallace, Judge

Original to Prothonotary

cc:　　Mr. Lateef A. Dickerson, *pro se*
　　　　Matthew Keating, Deputy Attorney General
　　　　Investigative Services Office

---

reduce the mandatory portion of [his] sentence."); *State v. D'Azevedo*, 2020 WL 3888334, at *1 (Del. Super. Ct. July 10, 2020).